IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANDA McGUIRE, <br><br>         Plaintiff, <br><br>    v. <br><br> REGIONAL ACCEPTANCE CORPORATION, <br><br>         Defendants. | Case No. 20 C 5363 <br><br> Judge Harry D. Leinenweber |

MEMORANDUM OPINION AND ORDER

Plaintiff Amanda McGuire's motion to dismiss Defendant Regional Acceptance Corporation's counterclaim (Dkt. No. 32) is denied.

I. BACKGROUND

In September 2020, Plaintiff Amanda McGuire initiated this action against Defendant Regional Acceptance Corporation, a consumer lender, for violating of 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act ("FCRA"). In June 2016, McGuire signed a loan contract, the Retail Installment Sales Contract ("RISC"), to finance her purchase of a Nissan Versa from the dealership Nissan of St. Charles. (Compl. ¶¶ 12-13, 24-34, Dkt. No. 1.) That same day, Nissan of St. Charles assigned the RISC to Regional Acceptance. (RISC at 2, Countercl., Ex. A, Dkt. No. 6-1.)

As alleged in the complaint, from June 2016 to February 2, 2019, McGuire made all scheduled payments on her car loan. (Compl. ¶ 13.) On February 2, 2019, McGuire returned to Nissan of St. Charles and traded in her Nissan Versa as credit towards a new vehicle. (*Id.* ¶ 14.) McGuire alleges that, under the terms of the 2019 trade-in, Nissan of St. Charles assumed responsibility for the remaining balance on the 2016 loan. (*Id.* ¶¶ 15–17.) Nissan of St. Charles never paid off McGuire's loan with Regional Acceptance. (*Id.* ¶ 21.) In response, Regional Acceptance reported McGuire had an overdue balance on her loan. (*Id.* ¶ 24.) McGuire alleges that because responsibility for the loan was transferred to Nissan of St. Charles, it was inaccurate to report that she had an overdue balance. (*Id.* ¶¶ 15, 24–25.)

In its answer, Regional Acceptance filed a counterclaim alleging McGuire breached the RISC in February 2019 when she failed to obtain Regional Acceptance's express written consent to trade in the Nissan Versa and stopped making payments on the loan. (Countercl. ¶¶ 1–7, Dkt. No. 6; RISC ¶ 4.) McGuire moves to dismiss Regional Acceptance's counterclaim pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges a court's subject matter jurisdiction. Federal courts are courts of limited

- 2 -

jurisdiction and all claims must fall within the limits defined in Article III, Section 2 of the U.S. Constitution and related statutes. *See*, *e.g.*, 28 U.S.C. §§ 1331–32, 1343, 1367. When a party challenges jurisdiction, the non-moving party bears the burden of establishing the Court's jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing [the] elements" of jurisdiction.). When addressing a Rule 12(b)(1) challenge, the Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the [non-moving party]." *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)).

A Rule 12(b)(6) motion challenges the legal sufficiency of a claim. A counterclaim must meet the same pleading standard as a claim in the original complaint. To survive a Rule 12(b)(6) motion, the allegations in the counterclaim must meet a standard of "plausibility." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court accepts all well-pleaded factual

allegations in the counterclaim as true and construes all reasonable inferences in the counterclaimant's favor. *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001).

### III. DISCUSSION

McGuire argues Regional Acceptance's counterclaim should be dismissed for three reasons: (1) the Court does not have supplemental jurisdiction over the counterclaim; (2) even if the Court has supplemental jurisdiction it should decline to exercise that authority; and (3) the counterclaim does not adequately plead that McGuire breached the RISC. The Court addresses each argument below.

#### A. Supplemental Jurisdiction

This Court has original jurisdiction under the FCRA to hear the claims raised in McGuire's complaint. *See* 28 U.S.C. § 1331. Regional Acceptance's counterclaim raises a breach of contract claim under state law for which this Court would have no original jurisdiction if filed independently in this Court. Federal courts will, however, exercise supplemental jurisdiction over state law claims when the claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Id.* § 1367. A state law claim is part of the same case or controversy so long as it is "'derive[d] from a common nucleus of operative fact' with the original federal claims."

*Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (quoting *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008)). The close relationship between the counterclaim and McGuire's FCRA claims far exceeds the "loose factual connection" required for the Court to exercise supplemental jurisdiction under Section 1367. *Id.*

The counterclaim alleges that McGuire breached the RISC in February 2019 when she transferred possession of the Nissan Versa to Nissan of St. Charles without the express written consent of Regional Acceptance. (Countercl. ¶¶ 1-7.) As a result of McGuire's alleged breach, the RISC was not transferred or assigned to Nissan of St. Charles and McGuire remains liable for the unpaid balance of her loan. (*See id.* ¶ 7.) Discovery for the counterclaim will therefore focus on whether McGuire breached the RISC and remains liable for the outstanding balance of her loan or the responsibility for the loan was properly assigned to Nissan of St. Charles.

The counterclaim's fact-finding is also necessary to the resolution of McGuire's FCRA claims. The complaint alleges that Regional Acceptance failed to investigate McGuire's reports that the credit reporting on the unpaid loan is inaccurate, in violation of the FCRA. (Compl. ¶¶ 34, 39.) The FCRA, however, "is not a strict liability statute" and McGuire will need to prove more than a failure to investigate to succeed on the merits. *Sarver v.*

*Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004). To prevail on an FCRA claim, McGuire must establish a causal connection between Regional Acceptance's failure to investigate and her alleged harm. *Id.* This causal connection "must show that [she] suffered damages as a result of [] inaccurate information." *Id.* The complaint pleads this causal connection by stating that Regional Acceptance's failure to investigate resulted in a persistent error on McGuire's credit report, because the entry regarding her auto loan did not reflect that in February 2019 Nissan of St. Charles assumed responsibility for the outstanding balance on that loan. (*See* Compl. ¶¶ 12-20, 24-34.)

Ultimately, in order to determine whether the alleged FCRA violations caused continued inaccuracies on McGuire's credit report, which in turn caused her harm, the finder of fact will need to consider the very issue the breach of contract claim will resolve—whether McGuire remains liable for the auto loan. *Ammerman v. Sween,* 54 F.3d 423, 425 (7th Cir. 1995) (affirming supplemental jurisdiction over a state law claim where the federal claim cannot be discussed without reference to the essential facts of the state law claim); *see also Houskins*, 549 F.3d at 495 (affirming supplemental jurisdiction over a state law claim where the jury needed to consider the facts of the state law claim to resolve a federal civil rights action). Given the substantial overlap between the counterclaim and the FCRA claims, the Court finds that

- 6 -

there is a sufficient relationship to merit exercise of supplemental jurisdiction.

McGuire argues that even if the Court has supplemental jurisdiction, it should decline to exercise it pursuant to 28 U.S.C § 1367(c)(2) and (c)(4). First, McGuire argues the counterclaim will substantially predominate over the FCRA claim. (Mot. at 7-8, Dkt. No. 10.). Second, McGuire argues that allowing Regional Acceptance to proceed with the counterclaim presents an exceptional circumstance—the counterclaim could dissuade McGuire and others from vindicating their rights under the FCRA. (*Id.* at 8-9.)

A breach of contract counterclaim does not substantially predominate over a FCRA claim where the two claims draw from the same set of facts. *Stromberg Metal Works, Inc. v. Press Mechanical, Inc.*, 77 F.3d 928, 932 (7th Cir. 1996) (finding a state law claim did not predominate over the federal claim where both claims drew from the same set of necessary facts). Instead, parallel resolution of these claims promotes judicial efficiency and allows the parties to enjoy consistent resolutions. *Id.* ("[N]either private interests nor judicial economy would be promoted by resolving Stromberg's claim in federal court while trundling Comfort Control off to state court to get a second opinion."). Because the accuracy of McGuire's credit report is essential to her FCRA claims, fact finding for

the breach of contract issue forms a necessary part of and cannot be said to substantially predominate over the FCRA claims.

Similarly, Regional Acceptance's counterclaim does not present exceptional circumstances which compel the Court to decline jurisdiction. McGuire argues that allowing the counterclaim to proceed "would dissuade Plaintiff and other consumers from asserting their federal rights under the FCRA." (Mot. at 8–9.) The Court disagrees. The counterclaim focuses on McGuire's RISC. McGuire must also show her adherence to the RISC to support her claim that Regional Acceptance failed to adequately investigate and thus caused a persistent error in her credit report. Because the Court will hear these facts even without the breach of contract claim before it, it is unlikely that Regional Acceptance's counterclaim will dissuade Plaintiff or others from bringing an FCRA claim. *See Ploog v. Homeside Lending, Inc.*, 209 F.Supp.2d 863, 871 (7th 2002) (concluding the exercise of supplemental jurisdiction did not present exceptional circumstances where the facts underlying a state law claim were also necessary to "establish and explore what happened" with the federal claims). Consequently, McGuire has not set forth has exceptional circumstances that would compel the Court to decline jurisdiction.

Accordingly, the Court finds no basis to decline to exercise supplemental jurisdiction under § 1367(c), and McGuire's

Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is denied.

**B. The Counterclaim States a Claim for Breach of Contract**

The RISC is governed by Illinois law. (RISC ¶ 9.) To state a claim for breach of contract under Illinois state law, the counterclaim must plead "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Ass'n Ben. Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 849 (7th Cir. 2007) (quoting *MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC*, 845 N.E.2d 22, 30 (Ill. App. Ct. 2006)). McGuire only argues that Regional Acceptance failed to adequately plead a breach of the RISC. (Mot. at 10–11.)

At the motion to dismiss stage, the Court "accept[s] all well-pleaded allegations in the counterclaim as true and draw[s] all reasonable inferences in favor of the counterclaim plaintiff" and does not consider facts outside the confines of the counterclaim. *Cozzi Iron & Metal*, 250 F.3d at 574. Regional Acceptance alleges that McGuire breached the RISC by "selling her interest in the vehicle without Regional Acceptance's permission and fail[ing] to make payments when due." (Countercl. ¶ 4.) McGuire argues these allegations are insufficient considering the facts alleged in her own complaint and the "regular business practices in the automotive sales industry." (Mot. at 10–11.) McGuire's factual arguments are

- 9 -

inappropriate at the motion to dismiss stage and will not be considered.

Accepting Regional Acceptance's allegations as true, the counterclaim sets out a clear factual basis for McGuire's breach. As such, Regional Acceptance's allegations are sufficient to plead a breach of contract claim. For these reasons, McGuire's 12(b)(6) motion to dismiss for failure to state a claim is denied.

## IV. CONCLUSION

For the reasons stated herein, the Court denies Plaintiff's motion to dismiss Defendant's counterclaim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Dkt. No. 32.)

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　United States District Court

Dated: 2/5/2021